UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMTEK (SHENZHEN CO., LTD., a foreign limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WAIAN LLC, OWEN S. WONG and EMTEK INTERNATIONAL LLC,<br><br>Defendants. | Case No. 2:19-cv-00927-GMN-EJY<br><br>**ORDER** |

Before the Court is Defendant/Counterclaimant's Motion for Relief of Judgment Due to Excusable Neglect Pursuant to Fed. R. Civ. P. 60(b). ECF No. 46. The Court has considered the Motion, the Opposition (ECF No. 49), and Reply (ECF No. 50). This Order also addresses Plaintiff's Memorandum of Attorney's Fees and Costs (ECF No. 45) to which Defendants respond in ECF No. 46.

**I.   Relevant Background**

Prior to current counsel for Waian, LLC, Owen S. Wong, and Emtek International (collectively, "Defendants") substituting in on this matter, counsel for Emtek (Shenzhen) Co., LTD ("Plaintiff") agreed with former defense counsel that all discovery propounded in this case would be served electronically. Defendants do not state that upon now-present counsel for Plaintiff substituting in there was any discussion between counsel regarding continuing to serve all discovery electronically. Instead, Defendants' counsel states she "assumed" this practice would continue. ECF No. 46 at 5.

Counsel for Defendants states she worked from home commencing on March 15 through June 16, 2020, due to the COVID-19 pandemic. *Id*. Counsel for Defendants also states that her mailbox is 30 miles from her home, and that she did not check her mail during this 90 day period when she worked from home. *Id*.

On May 7, 2020, Plaintiff served Interrogatories, Requests for Admissions, and Requests for Production of Documents by mail only. On May 10, 2020, Defendants' counsel emailed Plaintiff's counsel and asked that he serve all documents related to this case by email. ECF No. 46-7. On May 14, 2020, Plaintiff's counsel agreed to service by email. ECF No. 46-8. On June 17, 2020, Defendants received an email from Plaintiff asking about the status of responses to the discovery propounded by mail on May 7, 2020. ECF No. 46-10. That same day, Defendants' counsel responded stating: "I will follow up with you by Friday. We are also catching up with everything and I also have been very behind. Thank you for following up." ECF No. 46-11.

On June 29, 2020, Plaintiff emailed again stating: "Hi Theresa, I am following up on our earlier e-mails regarding the previously-due discovery responses from Emtek International as I had not heard from you since my last e-mail below." ECF No. 46-12. On July 6, 2020, the parties apparently spoke by phone during which time Defendants' counsel indicated that she had a heavy workload, she was "catching up," and that she would have completed responses to the discovery requests to Plaintiff "in several days." ECF No. 46 at 7. The parties also agreed that Defendants had waived all objections to the May 7, 2020 discovery and agreed responses would be to Plaintiff on July 10. *Id*. Defendants admit responses were not provided on July 10 and states: "Due to excusable neglect[,] Ms. Mains underestimated how much time the responding party and she would need to respond and [that she] should have asked for 30 more days instead of estimating that she would have everything completed within a few days." *Id*. at 8 (original emphasis omitted).

Nevertheless, Defendants' counsel emailed Plaintiff's counsel on July 10, 2020 (the due date for the discovery responses) explaining the difficulties she was having gathering documents, that she was diligently working on responses to the discovery requests, and that she would update defense counsel later that day. *Id*. at 9. On July 13, 2020, Defendants apparently served a Second Supplemental Disclosure on Plaintiff. On July 20, 2020, Defendants' counsel contacted "Defendants' accountant" seeking documents. *Id.* On July 28, 2020, Defendants' counsel emailed Plaintiff's counsel regarding supplemental disclosures, to which Plaintiff's counsel responded by reminding Defendants that discovery was served on May 7, 2020, and stating that a motion to compel would be filed if responses were not immediately forthcoming. *Id*. at 10. The next day Defendants

served responses to Plaintiff's Requests for Admissions. *Id.* Defendants' counsel state she also indicated she would have other responses in two days. *Id*. at 11. According to Defendants, this effort was thwarted by Defendants' accountant Ms. Li-Rong Seal. *Id*.

The Motion to Compel was filed two weeks later on August 13, 2020. ECF No. 41. No response to the Motion to Compel was filed by Defendants. Plaintiff's Motion was granted on August 31, 2020, with an award of attorney's fees and costs. In Defendants' instant Motion, counsel states that she knew the response to Plaintiff's Motion was due on August 27, 2020 (ECF No. 46 at 12), but that she did not file an opposition "because she wanted to focus on serving the responses to discovery requests." *Id*. at 14. Defense counsel admits she should have asked for an extension of time to respond to Plaintiff's Motion; "however, under the circumstances, … [Defendants' counsel] did not have time to do both … ." *Id*. Defendants now seek to have the Court's Order granting the Motion to Compel and attorney's fees and costs set aside for excusable neglect.

**II.  Discussion**

    A.    <u>Defendants' Conduct Does Not Meet The Requirements Of Excusable Neglect</u>.

Under Rule 60(b)(1), a court may relieve a party from a judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The U.S. Supreme Court confirmed that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (addressing "excusable neglect" with respect to Fed. R. Bankr.P. 9006(b) but analyzing the term as used in Rule 60(b)); *accord Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir.1997) (concluding that *Pioneer* Court's interpretation of "excusable neglect" applies to Rule 60(b)(1)). When determining whether neglect is "excusable," the Court must consider all the circumstances surrounding the events including (1) the danger of prejudice to the adverse party, (2) the length of any delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the moving party acted in good faith. *Pioneer*, 507 U.S. at 395; *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). "Although inadvertence, ignorance of the rules, or mistake construing the rules do not usually constitute 'excusable neglect," *Pioneer*, 507 U.S. at 392, "that possibility is by no means foreclosed." *Briones*,

3

116 F.3d at 382. Since *Pioneer*, the Ninth Circuit has construed "excusable neglect" to include counsel's negligence and carelessness. *Bateman*, 231 F.3d at 1224-25 (remanding to the district court with instructions to grant Rule 60(b)(1) relief where attorney failed to respond to summary judgment motion because of "negligence and carelessness").

Here, the Court's Order granting attorney's fees and costs (as well as ordering Defendants to respond to Plaintiff's Interrogatories and Requests for Production of Documents within 21 days of the date of the Order) came almost four full months after the discovery was first propounded. Although defense counsel did not retrieve her mail for a 90 day period (itself a somewhat astounding fact), once Defendants did have the discovery requests served only by mail in mid-June, Defendants still failed to respond to the discovery requests before the Court entered its Order granting the Motion to Compel and awarding fees and costs.

Defense counsel states that in early July 2020, she underestimated the time it would take to respond to discovery and that she should have requested a 30 day extension, but as of August 31, 2020, more than 30 days later, Defendants still had not responded to the written discovery propounded in May, and there is no evidence of a requested extension after July 10, 2020. Moreover, defense counsel admits she knew a response to Plaintiff's Motion to Compel was due on August 27, 2020, but chose not to respond because she instead chose to focus on responding to discovery requests while failing to alert either counsel or the Court she was doing so. Defendants' failures are too many to excuse as mistakes, inadvertence or ignorance of rules. Under the totality of the circumstances, the Court denies Defendants' relief under Fed. R. Civ. P. 60(b)(1).

B.     Plaintiff's Request For Fees And Costs Is Denied Without Prejudice.

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d

4

1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).[1] The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[2]

Plaintiff's counsel, Mr. Pernsteiner, a partner with Louis Brisbois Bisgaard & Smith, charges $350 per hour for his time. A review of fairly recent case law in this district shows that Mr. Pernsteiner's rate is within what is ordinarily charged for experienced defense counsel in the Las Vegas valley. *Doud v. Yellow Cab of Reno, Inc.*, Case No. 3:13-cv-00664-WGC, 2015 WL 5286996, at *4-5 (D. Nev. Sept. 10, 2015) (including citation to testimony by a 33 year personal injury practitioner indicating that $400 an hour is reasonable, and rejecting an argument that $165 an hour for an experienced personal injury lawyer should be applied); *Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, Case No. 2:09-cv-1300-GMN-GWF, 2011 WL 3855462, at *1 (D. Nev. Aug. 29, 2011) (holding "[a]n hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market"); *Chemeon Surface Technology, LLC v.*

---

[1] Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

[2] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n. 2 (citing *Hensley*, 461 U.S. at 430 n. 3).

*Metalast International, Inc.*, Case No. 3:15-cv-00294-MMD-VPC, 2017 WL 2434296, at *1 (D. Nev. June 5, 2017) (collecting reasonable rate information for Nevada).

However, with respect to the amount of time billed, Plaintiff's Memorandum fails to provide details to support the conclusory statement that the $9,100, incurred through 26 hours of attorney time is reasonable as no billing records or time entries of any kind were provided to the Court.[3] Plaintiff's submission is in violation of the Court's August 31, 2020 Order.

### III. Order

Accordingly,

IT IS HEREBY ORDERED that Defendant/Counterclaimant's Motion for Relief of Judgment Due to Excusable Neglect Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 46) is DENIED.

IT IS FURTHER ORDERED that counsel for Plaintiff shall submit a detailed breakdown of its fees and costs in accordance with the Court's August 31, 2020 Order which stated, in pertinent part, Plaintiff "shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable."  Plaintiff's revised submission of fees shall be submitted within five (5) days of the date of this Order.  Defendant/Counterclaimant shall then have five (5) days to file a response.

Dated this 15th day of December, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[3] "District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).  This includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010)), as well as entries on time reports that fails "to delineate what work was performed in each entry" and thus appear duplicative. *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at*4 (D. Nev. Oct. 16, 2012).  Ultimately, it is always Plaintiffs' burden to establish that the fees they seek are reasonable.  *Soule*, 2019 WL 3416667, at *1 (citation omitted).