UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMTEK (SHENZHEN CO., LTD., a foreign limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WAIAN LLC, OWEN S. WONG and EMTEK INTERNATIONAL LLC,<br><br>Defendants. | Case No. 2:19-cv-00927-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Revised Memorandum of Attorney's Fees and Costs (ECF No. 56). The Court has considered the Revised Memorandum and Defendant's Response Brief (ECF No. 57).

**I.   Discussion**

As previously stated by the Court, the Court enjoys "a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at \*1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step

requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted). The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).

Plaintiff's counsel, Mr. Pernsteiner, a partner with Louis Brisbois Bisgaard & Smith, charges $350 per hour for his time. Defendant does not object to this hourly rate. ECF No. 57 at 3. Counsel for Plaintiff further represents that he spent 26 hours "in connection with attempting to secure Defendants' compliance with, and response to, Plaintiff's written discovery requests served on May 7, 2020." ECF No. 56 at 2. Counsel attaches billing records to support this representation. ECF No. 56-1.

Defendant contends that the 26 hours requested by Plaintiff includes time Counsel for Plaintiff would have spent reviewing documents placed in a drop box irrespective of the Motion to Compel and, for this reason, these hours should not be included in the amounts awarded to Plaintiff. ECF No. 57 at 4. A review of Counsel for Plaintiff's time shows Counsel spent 1.1 hours on July 28, 2020, and 2.1 hours on August 4, 2020 analyzing documents in the drop box. ECF No. 56-1. The time record states that this time was spent in "formulation of motion to compel on unanswered discovery responses." *Id*. Given that Defendant concedes that over 1,200 pages of Bates stamped documents were produced to Plaintiff, even with a detailed index (*see* ECF No. 57 at 3), the Court does not find this time excessive.

Defendant also complains that Counsel performed "non-attorney work" such as finalizing the motion to compel, preparing a supporting declaration, and preparing exhibits for filing. *Id.* at 6. The Court also rejects this argument. While it is true that some firms have paralegals or assistants who prepare declarations and exhibits, it is neither unheard of nor improper for Counsel to do so himself. The amount of time spent in these endeavors is also not excessive.

Finally, Defendant complains that Plaintiff's 16 page Motion and three page Declaration should not have taken 26 hours to prepare. *Id*. Defendant's calculation does not include the 3.1

hours of time Plaintiff's Counsel spent preparing the Reply brief. Further, if one reduces the 26 hours by the 3.2 hours Counsel for Plaintiff spent reviewing more than 1,200 pages of documents in preparation for the Motion, this reduces the total amount of time for drafting and finalizing Plaintiff's Motion and Reply to 22.8 hours. There is no duplication of work represented in the billing records as Counsel for Plaintiff did all the work himself. Research was not excessive, nor was drafting time. The only time billed that the Court will not allow is the .3 entry for analyzing correspondence and updating discovery information received from opposing counsel, and the .40 entry for reviewing the Court's Order on the Motion to Compel. This deducts $525 from the request for fees. No costs are requested.

### III. Order

Accordingly,

IT IS HEREBY ORDERED that the Revised Memorandum of Attorney's Fees and Costs seeking fees and no costs is GRANTED in the amount of $8,575.00.

IT IS FURTHER ORDERED that Defendant shall pay this amount to Counsel for Plaintiff within thirty (30) days of the date of this Order.

Dated this 27th day of January, 2021

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE