R. DUANE FRIZELL, ESQ.
Nevada Bar No. 9807
**FRIZELL LAW FIRM**
400 N. Stephanie St., Suite 265
Henderson, Nevada 89014
Office (702) 657-6000
Fax (702) 657-0065
DFrizell@FrizellLaw.com
*Attorney for Defendants/*
*Counter-Claimants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EMTEK (SHENZHEN) CO., LTD., a foreign limited liability company,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>WAIAN LLC, OWEN S. WONG, and EMTEK INTERNATIONAL LLC,<br><br>Defendants/Counter-Claimants. | CASE NO. 2:19-cv-00927-GMN-EJY |

### STIPULATION AND ORDER TO STAY DISCOVERY

Pursuant to Local Rule 26-3 and all applicable authority, and by and through their respective counsel of record, Defendants/Counter-Claimants WAIAN LLC, OWEN S. WONG, and EMTEK INTERNATIONAL LLC ("Defendants" or "Counter-Claimants") and Plaintiff/Counter-Defendant EMTEK (SHENZHEN) CO., LTD. ("Plaintiff" or "Counter-Defendant") hereby submit to the Court this *Stipulation and Order to Stay Discovery*. The primary reasons for this Stipulation are as follows: (1) the COVID-19 pandemic has resulted in numerous restrictions (and some outright bans) on international travel and the obtaining of evidence; (2) China does *not* permit attorneys to take depositions in China for use in non-Chinese courts; and (3) since Defendants substituted new counsel on February 26, 2021, the

Parties have in good faith focused on settlement negotiations. There are additional reasons as well. In connection with this Stipulation, the Parties hereby stipulate and agree as follows:

## I. INFORMATION PURSUANT TO LOCAL RULE 26-3

### A. Discovery completed.

On December 17, 2019, Plaintiff made its Initial Disclosures.

On February 4, 2020, Defendants made their Initial Disclosures.

On March 31, 2020, Plaintiff/Counter-Defendant produced its First Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On April 30, 2020, Plaintiff/Counter-Defendant produced its Second Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On May 7, 2020, Plaintiff/Counter-Defendant propounded Plaintiff/Counter-Defendant's First Set of Requests for Admission to Defendant/Counterclaimants.

On May 7, 2020, Plaintiff/Counter-Defendant propounded Plaintiff/Counter-Defendant's First Set of Requests for Production to Defendant/Counterclaimants.

On May 7, 2020, Plaintiff/Counter-Defendant propounded Plaintiff/Counter-Defendant's First Set of Interrogatories to Defendant/Counterclaimant Owen S. Wong.

On May 15, 2020, Plaintiff Counter-Defendant served Notice of Intent to Serve Subpoena Duces Tecum on three separate deponents, including: (1) Custodian of Records for JPMorgan Chase, Bank, N.A.; (2) Custodian of Records for Wells Fargo Bank, N.A., (3) Custodian of Records for Citibank, N.A. These subpoenas were subsequently served on the respective deponents and, after delays due to branch closures and other COVID-19 related service delays, as of the date of this stipulation, Plaintiff Counter-Defendant has begun receiving the requested

records and anticipates a forthcoming supplemental production of documents from the deponents.

On June 19, 2020, Plaintiff Counter-Defendant produced its Third Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On July 12, 2020, Defendants produced their Second Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On July 23, 2020, Plaintiff Counter-Defendant produced its Fourth Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On July 29, 2020, Defendants produced their Response to Plaintiff/Counter-Defendant's First Set of Requests for Admissions.

On August 24, 2020, Defendants produced their Third Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On September 6, 2020, Defendants produced their Fourth Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On September 8, 2020, Defendants produced their Response to Plaintiff/Counter-Defendant's First Set of Requests for Production.

On September 8, 2020, Defendants produced their Response to Plaintiff/Counter-Defendant's First Set of Interrogatories.

On October 5, 2020, Plaintiff received a supplemental document production of bank records from Citibank, N.A.

On November 18, 2020, Defendants produced their Fifth Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On February 26, 2021, Defendants substituted new counsel in this matter.

On March 8, 2021, Defendants served their demand for prior discovery.

**B.     Discovery that remains to be completed.**

In the event the case is not resolved during the current settlement negotiations, the Parties will need to depose several witnesses, several of whom are based in China, which has continued to restrict travel due to the Covid-19 pandemic. Defendants/Counter-Claimants counsel will want to take a FRCP 30(b)(6) deposition of a representative of Plaintiff/Counter-Defendant. The Parties may also need to conduct expert discovery, including the use of accounting experts in the event the Parties are unable to agree on the amounts in dispute.

**C.     Why discovery was not completed.**

Discovery has not been completed primarily for three reasons. First, the global COVID-19 pandemic has resulted in numerous restrictions (and some outright bans) on international travel and the obtaining of evidence, particularly as to depositions of the remaining party representatives. Plaintiff/Counter-Defendant's headquarters, along with its representatives and witnesses, is located in Wuhan City, Hubei Province, in the People's Republic of China ("PRC" or "China"). In fact, Plaintiff/Counter-Defendant's headquarters, representatives, and witnesses are located in the very city where the COVID-19 outbreak began. Much discovery is needed from other individuals and entities in China. Because of the worldwide pandemic, China has only recently begun to open international travel and business and other operations. Even so, restrictions remain and travel visas have to be obtained. For these reasons, the Parties have not yet had a chance to conduct meaningful discovery there.

Second, in addition to the issues arising from the pandemic, "China does **not** permit attorneys to take depositions in China for use in [non-Chinese] courts."[1] This is generally true even if the depositions are taken voluntarily, remotely, or both. This restriction means that Plaintiff's representatives will not be able to be deposed while they are inside China or they could be prosecuted by Chinese authorities. They would have to travel outside of China for the depositions, which travel is not without its own restrictions and limitations due to the pandemic. Plaintiff's representatives will also have to obtain travel visas, which have additional restrictions. Many U.S. consulates in China are currently closed and are not issuing any visas at all. The U.S. embassy in Beijing is only allowing visas on an emergency basis. Requests to the Central Authority under the Hague Evidence Convention for holding depositions while the Plaintiff and its representatives are inside China has not been achieved by either parties' counsel, and the Parties anticipate that significant delays may be encountered until permission is obtained from the Chinese Central Authority and/or the current COVID international travel restrictions between the United States and China are lifted.

Finally, since Defendants substituted new counsel on February 26, 2021, the Parties have in good faith focused on settlement negotiations, which are ongoing. They have made considerable progress, but some issues remain. Settlement issues are more complex in this case because the parties must account for the dissolution of the underlying business entity and its assets. In order to keep the Parties' attorney fees and court costs down, they have tried to avoid discovery matters as these negotiations have proceeded over the past few months.

///

///

---

[1] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited April 19, 2021).

**D.     Proposed schedule for completing all remaining discovery.**

The parties propose a temporary stay of discovery, as follows:

| Description of Deadline | Old Date | New Date |
|---|---|---|
| Initial Disclosures | *Passed* | *STAYED* |
| Amending Pleadings/Adding Parties | *Passed* | *STAYED* |
| Interim Status Report | *Passed* | *STAYED* |
| Regular Discovery Cut-Off | 5/4/2021 | *STAYED* |
| Initial Expert Disclosures | 5/18/2021 | *STAYED* |
| Rebuttal Expert Disclosures | 6/16/2021 | *STAYED* |
| Expert Discovery Cut-Off | 7/14/2021 | *STAYED* |
| Dispositive Motions | 8/11/2021 | *STAYED* |
| Joint Pre-Trial Order | 9/8/2021 | *STAYED* |

***The parties would also request a status conference in this matter to be set ninety (90) days out or on a date that the Court deems reasonable for allowing sufficient time for meaningful settlement discussions.***

**II.    GOOD CAUSE.**

As discussed in Part I.C above, the Parties would submit that there is good cause for why discovery has not been completed and why discovery should be temporarily stayed at this juncture: (1) the COVID-19 pandemic has resulted in numerous restrictions (and some outright bans) on international travel and the obtaining of evidence; (2) China does *not* permit attorneys to take depositions in China for use in non-Chinese courts; and (3) since Defendants substituted new counsel on February 26, 2021, the Parties have in good faith focused on settlement negotiations. Additional reasons for good cause are as follows: (4) the Parties have been duly

diligent, and they have not been dilatory or clogging the Court's docket; (5) a temporary stay of discovery would not prejudice Plaintiff or Defendants, because all Parties have agreed to the stay; (6) the stay would not disrupt the Court's proceedings in this matter because no hearings or trial dates are currently scheduled; (6) a temporary stay of discovery would allow the Parties to continue to engage in meaningful settlement negotiations without having to shift their focus, or bear the time and expense, for additional discovery at this time, which discovery would be rendered unnecessary in the first place if the Parties settle; and (7) given that there remain restrictions on international travel and the obtaining of evidence, a stay would allow for a temporary pause until conditions return somewhat more to "normal," which might allow the Parties to proceed with relatively uninhibited discovery, if they are not able to settle.

## III.  EXCUSABLE NEGLECT.

To the extent the Parties must show excusable neglect in submitting this stipulation at this time, they would state that because of the ongoing settlement dialogue between the Parties, they were hopeful that this case could be settled by April 16, 2021.  Nevertheless, certain issues have recently arisen that will require additional time and attention, and given the international and language barriers, the Parties foresee that a good deal of time will be needed to reach a final resolution.  For these reasons, the Parties have only just come to realize that discovery would need to be stayed (or extended).  For this reason, they are submitting this stipulation now.

## IV.  REQUEST TO EXTEND OTHER DEADLINES.

None at this time.

///

///

///

## V.     CONCLUSION.

Wherefore, Defendants/Counter-Claimants WAIAN LLC, OWEN S. WONG, and EMTEK ("Defendants" or "Counter-Claimants") and Plaintiff/Counter-Defendant EMTEK (SHENZHEN) CO., LTD. ("Plaintiff" or "Counter-Defendant") hereby request the Court to enter the foregoing stipulation as an order of the Court and to stay discovery.

IT IS SO STIPULATED.

Dated: *April 21, 2021*                    Dated: *April 21, 2021*

**FRIZELL LAW FIRM**                        **LEWIS BRISBOIS BISGAARD & SMITH LLP**
400 N. Stephanie St., Suite 265             6385 S. Rainbow Boulevard, Suite 600
Henderson, Nevada 89014                     Las Vegas, Nevada 89118

By: */s/ R. Duane Frizell*                  By: */s/ Adam J. Pernsteiner*
R. DUANE FRIZELL, ESQ.                      ADAM J. PERNSTEINER, ESQ.
Nevada Bar No. 9807                         Nevada Bar No. 7862
*Attorney for Defendants/*                  GREG L. JOHNSON, ESQ.
*Counter-Claimants*                         California Bar No. 132397
                                            *Attorneys for Plaintiff*

### ORDER

Having reviewed the foregoing Stipulation of the Parties, and finding good, just, and sufficient cause therefor, it is hereby entered as an Order of the Court.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Discovery in this matter is hereby STAYED.

2. A telephonic status conference in this action is hereby scheduled for **July 22, 2021 at 10:00 a.m.** All Parties are instructed to call the Audio Conference Line at **(888) 251-2909, access code 7771745**, five (5) minutes prior to the hearing time. Please remain on the line until such time as the Court joins the call and convenes the proceedings. The use of a cell phone or speaker phone during the call is prohibited. The call must be made using a land line.

DATED: April 22, 2021

UNITED STATES MAGISTRATE JUDGE
CASE NO.: 2:19-cv-00927-GMN-EJY