ADAM J. PERNSTEINER
Nevada Bar No. 7862
E-Mail: Adam.Pernsteiner@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789

GREG L. JOHNSON (Admitted Pro Hac Vice)
California Bar No. 132397
E-mail: Greg.Johnson@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2020 W. El Camino Avenue, Suite 700
Sacramento, California 95833
916.564.5400

*Attorneys for Plaintiff EMTEK (SHENZHEN)
CO., LTD.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMTEK (SHENZHEN) CO., LTD., a foreign limited liability company, | CASE NO. 2:19-cv-00927-GMN-EJY |
| Plaintiff/Counter-Defendant, | **STIPULATION AND ORDER TO EXTEND STAY OF DISCOVERY AND CONTINUE STATUS CONFERENCE** |
| vs. | |
| WAIAN LLC, OWEN S. WONG and EMTEK INTERNATIONAL LLC, | |
| Defendants/Counter-Claimants. | |

Pursuant to Local Rule 26-3 and all applicable authority, and by and through their respective counsel of record, Plaintiff/Counter-Defendant EMTEK (SHENZHEN) CO., LTD. ("Plaintiff" or "Counter-Defendant") and Defendants/Counter-Claimants WAIAN LLC, OWEN S. WONG, and EMTEK INTERNATIONAL LLC ("Defendants" or "Counter-Claimants") hereby submit to the Court this *Stipulation and Order to Extend Stay of Discovery and Continue Status Conference.* The primary reasons for this Stipulation are as follows: (1) the pending settlement

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

discussions between the parties, who are currently negotiating the dissolution of the underlying corporate entity; (2) the COVID-19 pandemic has resulted in numerous restrictions (and some outright bans) on international travel and the obtaining of evidence; and (3) China does *not* permit attorneys to take depositions in China for use in non-Chinese courts.  There are additional reasons as well.  In connection with this Stipulation, the Parties hereby stipulate and agree as follows:

I.      **INFORMATION PURSUANT TO LOCAL RULE 26-3**

      A.      **Discovery completed.**

On December 17, 2019, Plaintiff made its Initial Disclosures.

On February 4, 2020, Defendants made their Initial Disclosures.

On March 31, 2020, Plaintiff/Counter-Defendant produced its First Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On April 30, 2020, Plaintiff/Counter-Defendant produced its Second Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On May 7, 2020, Plaintiff/Counter-Defendant propounded Plaintiff/Counter-Defendant's First Set of Requests for Admission to Defendant/Counterclaimants.

On May 7, 2020, Plaintiff/Counter-Defendant propounded Plaintiff/Counter-Defendant's First Set of Requests for Production to Defendant/Counterclaimants.

On May 7, 2020, Plaintiff/Counter-Defendant propounded Plaintiff/Counter-Defendant's First Set of Interrogatories to Defendant/Counterclaimant Owen S. Wong.

On May 15, 2020, Plaintiff Counter-Defendant served Notice of Intent to Serve Subpoena Duces Tecum on three separate deponents, including: (1) Custodian of Records for JPMorgan Chase, Bank, N.A.; (2) Custodian of Records for Wells Fargo Bank, N.A., (3) Custodian of Records for Citibank, N.A. These subpoenas were subsequently served on the respective deponents and, after delays due to branch closures and other COVID-19 related service delays, as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

of the date of this stipulation, Plaintiff Counter-Defendant has begun receiving the requested records and anticipates a forthcoming supplemental production of documents from the deponents.

On June 19, 2020, Plaintiff Counter-Defendant produced its Third Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On July 12, 2020, Defendants produced their Second Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On July 23, 2020, Plaintiff Counter-Defendant produced its Fourth Supplement to Plaintiff's Rule 26(a)(1)(A) Disclosures.

On July 29, 2020, Defendants produced their Response to Plaintiff/Counter-Defendant's First Set of Requests for Admissions.

On August 24, 2020, Defendants produced their Third Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On September 6, 2020, Defendants produced their Fourth Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On September 8, 2020, Defendants produced their Response to Plaintiff/Counter-Defendant's First Set of Requests for Production.

On September 8, 2020, Defendants produced their Response to Plaintiff/Counter-Defendant's First Set of Interrogatories.

On October 5, 2020, Plaintiff received a supplemental document production of bank records from Citibank, N.A.

On November 18, 2020, Defendants produced their Fifth Supplement to Defendants' Rule 26(a)(1)(A) Disclosures.

On February 26, 2021, Defendants substituted new counsel in this matter.

On March 8, 2021, Defendants served their demand for prior discovery.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**B.     Discovery that remains to be completed**.

In the event the Parties are unable to finalize their negotiations, the Parties will need to depose several witnesses, several of whom are based in China, which has continued to restrict travel due to the Covid-19 pandemic.  Defendants/Counter-Claimants counsel will want to take a FRCP 30(b)(6) deposition of a representative of Plaintiff/Counter-Defendant. The Parties may also need to conduct expert discovery, including the use of accounting experts in the event the Parties are unable to agree on the amounts in dispute.

**C.     Why discovery was not completed.**

Discovery has not been completed primarily for three reasons.  First, since the stay of discovery that was entered in this case on April 22, 2021, the Parties have been negotiating the resolution of this lawsuit along with the dissolution of the underlying corporate entity, Emtek International LLC, and the corresponding allocation of the entity's assets and outstanding liabilities.   The Parties have exchanged written settlement papers and have reached shared understandings on the bulk of the terms pertaining to the resolution of this lawsuit and dissolution of the entity; however, the Parties are still in negotiations regarding the allocation of certain third-party claims belonging to Emtek International LLC.  The parties are continuing to negotiate as to these remaining third-party claims and are hopeful that they will be able to reach a resolution, but have not yet been able to reach a final agreement as to these remaining third-party claims belonging to Emtek International LLC.

Second, the global COVID-19 pandemic has resulted in numerous restrictions (and some outright bans) on international travel and the obtaining of evidence, particularly as to depositions of the remaining party representatives. Plaintiff/Counter-Defendant's headquarters, along with its representatives and witnesses, is located in Wuhan City, Hubei Province, in the People's Republic of China ("PRC" or "China").   In fact,  Plaintiff/Counter-Defendant's  headquarters,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

representatives, and witnesses are located in the very city where the COVID-19 outbreak began. Much discovery is needed from other individuals and entities in China.  Because of the worldwide pandemic, China has only recently begun to open international travel and business and other operations.  Even so, restrictions remain and travel visas have to be obtained.  For these reasons, the Parties have not yet had a chance to conduct meaningful discovery there.

Third, in addition to the issues arising from the pandemic, "China does ***not*** permit attorneys to take depositions in China for use in [non-Chinese] courts."[1]  This is generally true even if the depositions are taken voluntarily, remotely, or both.  This restriction means that Plaintiff's representatives will not be able to be deposed while they are inside China or they could be prosecuted by Chinese authorities. They would have to travel outside of China for the depositions, which travel is not without its own restrictions and limitations due to the pandemic. Plaintiff's representatives will also have to obtain travel visas, which have additional restrictions. Many U.S. consulates in China are currently closed and are not issuing any visas at all.  The U.S. embassy in Beijing is only allowing visas on an emergency basis.  Requests to the Central Authority under the Hague Evidence Convention for holding depositions while the Plaintiff and its representatives are inside China has not been achieved by either parties' counsel, and the Parties anticipate that significant delays may be encountered until permission is obtained from the Chinese Central Authority and/or the current COVID international travel restrictions between the United States and China are lifted.

/ / /

/ / /

/ / /

---

[1] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited July 16, 2021).



**D.     Proposed schedule for completing all remaining discovery.**

The parties propose that the temporary stay of discovery remain in place, as follows:

| Description of Deadline | Old Date | New Date |
|---|---|---|
| Initial Disclosures | *Passed* | *STAYED* |
| Amending Pleadings/Adding Parties | *Passed* | *STAYED* |
| Interim Status Report | *Passed* | *STAYED* |
| Regular Discovery Cut-Off | *STAYED* | *STAYED* |
| Initial Expert Disclosures | *STAYED* | *STAYED* |
| Rebuttal Expert Disclosures | *STAYED* | *STAYED* |
| Expert Discovery Cut-Off | *STAYED* | *STAYED* |
| Dispositive Motions | *STAYED* | *STAYED* |
| Joint Pre-Trial Order | *STAYED* | *STAYED* |

*The parties would also request that the status conference in this matter that is currently scheduled for July 22, 2021 at 10:00 a.m. be continued about (90) days out from the present date or to a date that the Court deems reasonable for allowing sufficient time for the parties to conclude their remaining settlement negotiations.*

**II.     GOOD CAUSE.**

As discussed in Part I.C above, the Parties would submit that there is good cause for why discovery has not been completed and why discovery should remain temporarily stayed at this juncture:  (1) since the entry of the temporary stay, the Parties have continued their settlement negotiations as to the resolution of this lawsuit and dissolution of Emtek International LLC, which has resulted in the Parties reaching understandings as to the bulk of the negotiation terms – but additional time is needed to conclude their negotiations as to the allocation of the corporate entity's remaining third-party claims; (2) the COVID-19 pandemic has resulted in numerous

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

restrictions (and some outright bans) on international travel and the obtaining of evidence; (3) China does _not_ permit attorneys to take depositions in China for use in non-Chinese courts; and (4) the Parties have been duly diligent, and they have not been dilatory or clogging the Court's docket; (5) continuing the temporary stay of discovery would not prejudice Plaintiff or Defendants, because all Parties have agreed to continue the stay; (6) the continued stay would not disrupt the Court's proceedings in this matter because no hearings or trial dates are currently scheduled, apart from the status conference on July 22, 2021, which the parties have asked to be continued by about 90 days; (7) a continued temporary stay of discovery would allow the Parties to continue to engage in meaningful settlement negotiations to conclude their negotiations as to Emtek International LLC's remaining assets and liabilities, without having to shift their focus, or bear the time and expense, for additional discovery at this time, which discovery would be rendered unnecessary in the first place if the Parties settle; and (8) given that there remain restrictions on international travel and the obtaining of evidence, a stay would allow for a temporary pause until conditions return somewhat more to "normal," which might allow the Parties to proceed with relatively uninhibited discovery, if they are not able to settle.

## III.     REQUEST TO EXTEND OTHER DEADLINES.

None at this time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-7149-9762.1                7                Case No. 2:19-cv-00927-GMN-EJY

**IV.     CONCLUSION.**

Wherefore, Defendants/Counter-Claimants WAIAN LLC, OWEN S. WONG, and EMTEK ("Defendants" or "Counter-Claimants") and Plaintiff/Counter-Defendant EMTEK (SHENZHEN) CO., LTD. ("Plaintiff" or "Counter-Defendant") hereby request the Court to enter the foregoing stipulation as an order of the Court and to continue the current stay of discovery.

IT IS SO STIPULATED.

Dated this 20th day of July, 2021                Dated this 20th day of July, 2021

**FRIZELL LAW FIRM**                              **LEWIS BRISBOIS BISGAARD & SMITH LLP**

 /s/  R. Duane Frizell                            /s/ Adam J. Pernsteiner
R. DUANE FRIZELL, ESQ.                           ADAM J. PERNSTEINER, ESQ.
Nevada Bar No. 9807                              Nevada Bar No. 7862
400 N. Stephanie St., Suite 265                  GREG L. JOHNSON, ESQ.
Henderson, Nevada 89014                          California Bar No. 132397
                                                 6385 S. Rainbow Boulevard, Suite 600
*Attorney for*                                   Las Vegas, Nevada 89118
*Defendants/Counter-Claimants*
                                                 *Attorneys for Plaintiff/Counter-Defendant*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>ORDER</u>

Having reviewed the foregoing Stipulation of the Parties, and finding good, just, and sufficient cause therefor, it is hereby entered as an Order of the Court.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Discovery in this matter shall remain STAYED.

2. The telephonic status conference scheduled for July 22, 2021 at 10:00 a.m. is hereby continued to October 28, 2021 at 10:00 a.m.

IT IS SO ORDERED.

DATED: July 20, 2021

_____
UNITED STATES MAGISTRATE JUDGE
CASE NO.: 2:19-cv-00927-GMN-EJY

*Submitted by:*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
_____

 /s/  *Adam J. Pernsteiner*_____
ADAM J. PERNSTEINER, ESQ.
Nevada Bar No. 7862
GREG L. JOHNSON, ESQ.
California Bar No. 132397
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

*Attorneys for Plaintiff/Counter-Defendant*



4837-7149-9762.1